UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHERRI SMITH                                          CIVIL ACTION

VERSUS                                                NO. 19-4962

JCC FULTON DEVELOPMENT, LLC                           SECTION: M (2)
d/b/a HARRAH'S HOTEL, *et al.*

## ORDER & REASONS

Before the Court is a motion to remand filed by plaintiff Sherri Smith ("Smith").[1] Defendants JCC Fulton Development, LLC; Harrah's New Orleans Management Company; Jazz Casino Company, LLC; and Mergeco Harrah's New Orleans Management Company, LLC (collectively, "Harrah's defendants") oppose the motion.[2] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons.

**I.     BACKGROUND**

This litigation involves a slip-and-fall accident. Smith filed this action in the Civil District Court for Orleans Parish, State of Louisiana ("CDC"), alleging that, on June 16, 2016, she was injured when she slipped and fell in water in her hotel room at Harrah's New Orleans Hotel.[3] The Harrah's defendants removed the action to the United States District Court for the Eastern District of Louisiana alleging diversity subject-matter jurisdiction under 28 U.S.C. § 1332 and the matter was assigned Civil Action No. 17-6620.[4]

Thereafter, the Court ordered the parties to demonstrate that the amount in controversy was more than $75,000.00.[5] The Harrah's defendants submitted a memorandum outlining the

---
[1] R. Doc. 5.
[2] R. Doc. 6.
[3] R. Doc. 1-1 at 1-2.
[4] Civil Action No. 17-6620, R. Doc. 1 at 2.
[5] Civil Action No. 17-6620, R. Doc. 5.

extent of Smith's injuries, which could potentially include nine herniated discs.⁶ Smith submitted an MRI report which demonstrates multiple issues with her back.⁷ After reviewing the parties' submissions, the Court was satisfied that there is potentially more than $75,000.00 in controversy.⁸

On February 23, 2018, the Court granted Smith's unopposed motion for leave to file her First Supplemental and Amending Petition for Damages.⁹ Smith's amended complaint added Bernhard MMC, LLC ("Bernhard") as a defendant, alleging that Bernhard is "a Louisiana limited liability company, authorized to do, and doing business, in the Parish of Orleans, State of Louisiana."¹⁰

After the case was transferred to this Section, the Court determined that Bernhard's citizenship was not clear from the pleadings, and the existence of federal jurisdiction was in question, because the Fifth Circuit has held that the citizenship of an LLC "is determined by the citizenship of all its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008). Smith's amended complaint contained no allegations regarding Bernhard's members or their citizenship.¹¹ Thus, the Court issued an order requiring the parties to submit a response sufficiently alleging the identity of all the members of Bernhard and the state of citizenship of each member as of the date of the filing of the amended complaint.¹²

---

⁶ Civil Action No. 17-6620, R. Docs. 7 & 8.
⁷ Civil Action No. 17-6620, R. Doc. 8-1.
⁸ Civil Action No. 17-6620, R. Doc. 46.
⁹ Civil Action No. 17-6620, R. Doc. 21.
¹⁰ Civil Action No. 17-6620, R. Doc. 22 at 1.
¹¹ *Id.*
¹² Civil Action No. 17-6620, R. Doc. 46.

Bernhard responded that its sole member is Bernhard Services, LLC which is "a Delaware Limited Liability Company."[13] Because Bernhard did not provide any information on the members of Bernhard Services, LLC, the Court ordered Bernhard to file a response sufficiently alleging the identity of the members of Bernhard Services, LLC, until the citizenship of Bernhard was properly traced to corporations or individuals.[14] Bernhard filed a second response in which it demonstrated that it is a citizen of Louisiana for the purposes of diversity subject-matter jurisdiction.[15] Because Smith and Bernhard are both Louisiana citizens, this Court concluded that it lacked diversity subject-matter jurisdiction and remanded the matter to CDC.[16]

After the case was remanded, Bernhard filed a peremptory exception of prescription.[17] On March 12, 2019, the state court sustained the exception and dismissed with prejudice Smith's claims against Bernhard.[18]

On March 29, 2019, the Harrah's defendants filed a second notice of removal in this Court alleging diversity subject-matter jurisdiction pursuant to 28 U.S.C. § 1332.[19] Smith filed the instant motion to remand on procedural grounds arguing that the Harrah's defendants are precluded from removing the action a second time on the basis of diversity subject-matter jurisdiction.[20]

---

[13] Civil Action No. 17-6620, R. Doc. 48 at 1.
[14] Civil Action No. 17-6620, R. Doc. 51.
[15] Civil Action No. 17-6620, R. Doc. 53.
[16] Civil Action No. 17-6620, R. Doc. 54.
[17] R. Doc. 1 at 3.
[18] *Id.*
[19] *Id.* at 3-7.
[20] R. Doc. 5.

## II.  LAW & ANALYSIS

A defendant may remove from state court to the proper United States district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  Because federal courts have limited jurisdiction, the removal statute is strictly construed, and any ambiguities are construed against removal and in favor of remand.  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  The party seeking removal has the burden of establishing that federal jurisdiction exists and that removal was proper.  *Id*

It is undisputed that the elements of diversity subject-matter jurisdiction exist in this case – the plaintiff is of diverse citizenship from all of the defendants and there is more than $75,000 in controversy.  The issue before the Court is whether a procedural defect bars the second removal.  In particular, Smith frames the issue this way: whether a defendant may timely "re-remove" an action with completely diverse parties when the defendant already removed the action once, but it was subsequently remanded upon the plaintiff's filing of an amended complaint that destroyed diversity.

A defendant has a right to seek subsequent removals after remand.  *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996) (citing *Browning v. Navarro*, 743 F.2d 1069, 1079-80 n.29 (5th Cir. 1984)).  "As a general rule, once a case is remanded to state court, a defendant is precluded only from seeking a second removal *on the same ground.*"  *Id.* (emphasis in original).  "The prohibition against removal 'on the same ground' does not concern the theory on which federal jurisdiction exists (i.e., federal question or diversity jurisdiction), but rather the pleading or event that made the case removable."  *Id.*  (citations omitted).

Although the Harrah's defendants again allege diversity subject-matter jurisdiction, the re-removal is premised on a new event – namely, the state court's dismissal of Smith's claims

against the non-diverse defendant, Bernhard. Therefore, the Harrah's defendants are not re-removing the action "on the same ground." *See S.W.S.* Erectors, 72 F.3d at 493-94; *Kemp v. CTL Distribution, Inc.*, 440 F. App'x 240 (5th Cir. 2011). Accordingly, this Court cannot remand this case for the supposed procedural defect urged by Smith – namely, a second removal.

However, the Harrah's defendant's re-removal of this action is barred by another procedural ground – the "voluntary-involuntary rule." Pursuant to this rule, only voluntary actions by the plaintiff, such as the plaintiff's non-suiting a non-diverse defendant, can create the diversity of citizenship as would render a case removable. 16 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 107.140(3)(a)(i)(B) (3d ed. 2019). Conversely, actions that are involuntary as to the plaintiff, such as a state court's granting the non-diverse defendant's motion to dismiss, do not make a case removable on the basis of diversity jurisdiction. *Id.* at § 107.140(3)(a)(i)(C). Thus, under the voluntary-involuntary rule, this matter did not become removable on diversity grounds when the state court sustained Bernhard's exception of no cause of action and dismissed Smith's claims against it, so again, the case must be remanded.[21]

## III. CONCLUSION

Accordingly, IT IS ORDERED that Smith's motion to remand (R. Doc. 5) is GRANTED, and this matter is REMANDED to CDC.

---

[21] Although Smith did not raise the "voluntary-involuntary rule" as a basis for remand, district courts have the authority to consider all potential procedural defects when a plaintiff moves for remand pursuant to 28 U.S.C. § 1447(c). *Schexnayder v. Entergy Louisiana, Inc.*, 394 F.3d 280, 283 (5th Cir. 2004); *see also BEPCO, L.P. v. Santa Fe Minerals, Inc.*, 675 F.3d 466, 471 (5th Cir. 2012). By filing her procedurally-based motion to remand, Smith explicitly refused to acquiesce in the federal forum and preserved this Court's review for all procedural defects. *Schexnayder*, 394 F.3d at 285.

New Orleans, Louisiana, this 20th day of May 2019.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE